IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD NANCE, | ) | |
| | ) | **No.   08 C 0044** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE KOCORAS |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| THOMAS McKENNA, Individually and as an | ) | Magistrate Judge Cole |
| employee of the CITY OF CHICAGO, and | ) | |
| JOHN DOE, Individually and as employee of | ) | |
| CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff's complaint and states as follows:

**Introduction**

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C., Section 1983.

**ANSWER:** The City admits that Count I of plaintiff's complaint is a civil action for damages to redress alleged deprivations under color of law of the rights, privileges, and immunities secured by the Fourth Amendment of the United States Constitution. The City denies the remaining allegations contained in this paragraph.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is provided by 28 U.S.C. Section 1331 and Section 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

**ANSWER:** The City admits the allegations contained in this paragraph.

3. Venue is proper in this judicial district under 28 U.S.C. Section 1391 (a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiffs claims occurred within this District.

**ANSWER:** The City admits that upon information and belief, Defendant Officer McKenna resides in this judicial district, and the alleged events giving rise to the claims asserted in plaintiff's complaint occurred within this district. The City denies that venue is proper in this judicial district under 28 U.S.C. Section 1391(a). The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### The Parties

4. Plaintiff Edward Nance ("Mr. Nance") is an African American citizen of the state of Illinois and is a resident of this Judicial District.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendant City of Chicago ("City") is a municipality incorporated under the laws of the State of Illinois, and at all times [sic] relevant times thereto exercised control over the Chicago Police Department, including Police Officer Thomas McKenna and Police Officer John Doe.

**ANSWER:** The City admits that it is a municipal corporation incorporated under the laws of the State of Illinois and at all relevant times exercised control over the Chicago Police Department. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. Officer Thomas McKenna (star #13122) is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

**ANSWER:** The City admits the allegations contained in this paragraph.

7. Officer John Doe is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. All Defendants have acted under color of state law at all material times hereto and were agents and/or servants of the Defendant City of Chicago

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Facts

9. On the evening of July 9, 2007, Edward Nance (Mr. Nance), an African-American, was traveling with his cousin Carlton Clark (Mr. Clark), an African American, in an automobile driven by Edward Nance.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. At approximately 11:30 P.M.., Mr. Nance was driving with his cousin on 87th Street near Martin Luther King Drive.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. At approximately the same time a Chicago Police Department squad car was located behind Mr. Nance.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Said squad car turned on its emergency lights.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Mr. Nance pulled over the automobile when he saw the emergency lights on the squad car.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. After pulling over his vehicle, Mr. Nance observed the squad car also pull over.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Two on duty officers, Thomas McKenna and Police Officer John Doe, his partner, both white officers with the Chicago Police Department, exited their vehicle and approached the vehicle driven by Mr. Nance.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. When Officer I approached the vehicle, he stated to Mr. Nance "get the fuck out of the car."

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Mr. Nance unlocked his door to exit the vehicle.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Thomas McKenna proceeded to forcibly pull Mr. Nance from his automobile.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Thomas McKenna slammed Mr. Nance's chest and face onto the hood of the squad car.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Mr. Nance asked the officers repeatedly why he was being handcuffed, and they did not answer his questions.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Police Officer John Doe then painfully handcuffed Mr. Nance's hands behind his back and threw him into the back seat of the squad car.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. Mr. Clark was then searched and arrested for possession of marijuana.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. Some time later, Mr. Nance, still not informed of why he was pulled over, was yanked from the squad car by Police Officer John Doe, pushed over on to his back, and told to go home.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Mr. Nance was never informed of why he was pulled over and handcuffed.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Mr. Nance's car was impounded for having unlawful drugs in the motor vehicle.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. Mr. Nance was assaulted and harassed without a legitimate reason. He was never informed of why he was pulled over or handcuffed, and cooperated with the officers throughout the whole ordeal.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The arrest of Mr. Nance was improper, violent, and included both physical and verbal assault. The unlawful treatment of Mr. Nance included the following:

   a. Being pulled over and arrested without probable cause;
   b. Being verbally abused by being told to "get the fuck out of the car" twice;
   c. Being roughly pulled out of the car by his arm;
   d. Having his face and chest slammed on to the hood of the squad car;
   e. Having his hand pulled painfully behind his back to be handcuffed;
   f. Being placed into the squad car through rough treatment of his arm;
   g. Being yanked out of the automobile in a violent manner by his arm; and
   h. Being pushed onto his back.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including its sub-parts.

28. The actions of defendants were so inappropriate that there could not have been a valid reason for their actions.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The police officers searched, abused, and handcuffed Mr. Nance before anything illegal was discovered.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. No drugs or contraband was found by the officers on the person of Mr. Nance, nor was any contraband found stored in his car.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. No criminal charges were brought against the Plaintiff.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Mr. Nance was required to go to the hospital and endure extensive medical treatment for injuries to his shoulders relating to his mistreatment by the police officers.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. The acts of the Defendants were undertaken willfully, wantonly, intentionally, recklessly, callously and with deliberate indifference to Plaintiffs [sic] rights, privileges, and well-being.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. As the direct and proximate result oft he wrongful acts of Defendants, Plaintiff suffered physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I

### (42 U.S.C. Section 1983 - Excessive Force)

48. As to all Defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

**ANSWER:**   The City's answers to paragraphs 1 through 34 in response to the allegations in plaintiff's complaint are incorporated herein as its answer to paragraph 48.

49. As describe [sic] in the preceding paragraphs, the conduct of Defendants towards the Plaintiff constituted excessive force in violation of the United States Constitution.

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

50. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiffs [sic] Constitutional rights.

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

51. The actions of Defendants against Plaintiff have caused the Plaintiff physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT II

### (Assault and Battery)

62. As to all Defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

**ANSWER:** The City's answers to paragraphs 1 through 34 in response to the allegations in plaintiff's complaint are incorporated herein as its answer to paragraph 62.

63. Defendant Officer I and Officer II without cause or provocation assaulted and battered the Plaintiff by engaging in and among the conduct set forth herein, *supra*.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. The conduct of Defendant Officer I and Officer II caused the Plaintiff to be placed in well-founded fear of his safety and well-being.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

65. Defendant Officer I and Officer II intentionally and unlawfully threatened and caused Plaintiff injury by force, which under [sic] circumstances created in the Plaintiff a well-founded fear of imminent peril.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66. Defendant Officer I and Officer II had the apparent present ability to effectuate and complete the injury so offered and threatened.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67. Defendants Officer I and Officer II's assault and battery of the Plaintiff described herein, *supra*, was performed without Plaintiffs [sic] consent and against his will, and resulted in harmful and/or offensive contact to the Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68. At all relevant times to this action, Defendants Officer I and Officer II should have known that their conduct was harmful and/or offensive to the Plaintiff.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69.     Defendant Officer I and Officer II's actions as alleged herein, *supra*, were willful and intentional and were taken with wanton disregard of the Plaintiffs [sic] well-being.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70.     The misconduct described in this Count was undertaken by Defendants Officer I and Officer II within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

**ANSWER:**     The City admits that it is an employer of Defendant Officer McKenna.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

71.     The actions of Defendants against Plaintiff have caused the Plaintiff physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

**ANSWER:**     The City denies the allegations contained in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.     The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

2.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

    Respectfully submitted,

    MARA S. GEORGES
    Corporation Counsel
    City of Chicago

By:    /s/ Thomas J. Aumann
    THOMAS J. AUMANN
    Assistant Corporation Counsel

11

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD NANCE, | ) | |
| | ) | **No.   08 C 0044** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE KOCORAS |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| THOMAS McKENNA, Individually and as an | ) | Magistrate Judge Cole |
| employee of the CITY OF CHICAGO, and | ) | |
| JOHN DOE, Individually and as employee of | ) | |
| CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:  Michael P. McCready                       Anne K. Preston
     Law Offices Michael P. McCready, P.C.     Assistant Corporation Counsel
     10008 South Western Avenue                30 North LaSalle Street
     Chicago, Illinois  60643                  Suite 1400
     mccreadylaw@sbcglobal.net                 Chicago, Illinois  60602
                                               apreston@cityofchicago.org

**PLEASE TAKE NOTICE** that on this 12th day of March, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 12th day of March, 2008.

                                        /s/ Thomas J. Aumann
                                        THOMAS J. AUMANN
                                        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455

13