THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD NANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 08 C 44 |
| | ) |
| CITY OF CHICAGO, a Municipal Corporation, | ) |
| THOMAS McKENNA, Individually and as employee | ) |
| of CITY OF CHICAGO and JASON VAN DYKE, | ) |
| Individually and as employee of CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS THOMAS MCKENNA AND
### JASON VAN DYKE'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT AT LAW

Defendants, Thomas McKenna and Jason Van Dyke, by their attorney, Arlene E. Martin, Chief Assistant Corporation Counsel, answer plaintiff's first amended complaint as follows:

### Introduction

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42, U.S.C. Section 1983.

**ANSWER:** While denying the allegations purporting to have deprived plaintiff of any of his constitutional rights, defendants admit how plaintiff brings this lawsuit.

### Jurisdiction and Venue

2. Jurisdiction of this Court is provided by 28 U.S.C. Section 1331 and Section 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

**ANSWER:** Admit.

3. Venue is proper in this judicial district under 28 U.S.C. Section 1391(a) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

**ANSWER:** Admit.

## The Parties

4. Plaintiff Edward Nance ("Mr. Nance") is an African American citizen of the state of Illinois and is a resident of this Judicial District.

**ANSWER:** Admit plaintiff is an African American but are without sufficient

information or knowledge to form a belief as to the truth of the remaining allegations.

5. Defendant City of Chicago ("City") is a municipality incorporated under the laws of the State of Illinois, and at all times relevant times thereto exercised control over the Chicago Police Department, including Police Officer Thomas McKenna and Police Officer John Doe.

**ANSWER:** On information and belief, admit.

6. Officer Thomas McKenna (star #13122) is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

**ANSWER:** Admit.

7. Officer Jason Van Dyke is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

**ANSWER:** Admit.

8. All Defendants have acted under color of law at all material times hereto and were agents and/or servants of Defendant City of Chicago.

**ANSWER:** Admit.

## Facts

2

9. On the evening of July 9, 2007, Edward Nance (Mr. Nance), an African-American, was traveling with his cousin Carlton Clark (Mr. Clark) an African American, in an automobile driven by Edward Nance.

**ANSWER:** Defendants are without sufficient information or knowledge to form a belief as to the truth that Carlton Clare is plaintiff's cousin but admit the remaining allegations.

10. At approximately 11:30 P.M., Mr. Nance was driving with his cousin on 87th Street near Martin Luther King Drive.

**ANSWER:** Defendants are without sufficient information or knowledge to form a belief as to the truth that Carlton Clark is plaintiff's cousin or that at approximately 11:30 p.m. they were driving together, however, they admit their automobile travels took them to 87th Street and Martin Luther King Dr.

11. At approximately the same time a Chicago Police Department squad car was located behind Mr. Nance.

**ANSWER:** Admit defendants initiated a traffic stop and deny the remaining allegations.

12. Said squad car turned on its emergency lights.

**ANSWER:** Admit.

13. Mr. Nance pulled over the automobile when he saw the emergency lights on the squad car.

**ANSWER:** On information and belief, deny.

14. After pulling over his vehicle, Mr. Nance observed the squad car also pull over.

**ANSWER:**   Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations.

15.   Two on duty officers, Thomas McKenna and Police Officer Jason Van Dyke, his partner, both white officers with the Chicago Police Department, exited their vehicle and approached the vehicle driven by Mr. Nance.

**ANSWER:**   Admit.

16.   When Officer I approached the vehicle, he stated to Mr. Nance "get the fuck out of the car."

**ANSWER:**   Deny.

17.   Mr. Nance unlocked his door to exit the vehicle.

**ANSWER:**   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations.

18.   Thomas McKenna proceeded to forcibly pull Mr. Nance from his automobile.

**ANSWER:**   Deny.

19.   Thomas McKenna slammed Mr. Nance's chest and face onto the hood of the squad car.

**ANSWER:**   Deny.

20.   Mr. Nance asked the officers repeatedly why he was being handcuffed, and they did not answer his questions.

**ANSWER:**   Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations.

21. Police Officer Jason Van Dyke Doe then painfully handcuffed Mr. Nance's hands behind his back and threw him into the back seat of the squad car.

**ANSWER:** Admit plaintiff was handcuffed by officer VanDyke and deny the remaining allegations.

22. Mr. Clark was then searched and arrested for possession of marijuana.

**ANSWER:** Admit Mr. Clark was searched and arrested for possession of marijuana but deny the remaining allegations.

23. Some time later, Mr. Nance, still not informed of why he was pulled over, was yanked from the squad car by Police Officer Jason Van Dyke, pushed over on to his back, and told to go home.

**ANSWER:** Deny.

24. Mr. Nance was never informed of why he was pulled over and handcuffed.

**ANSWER:** Deny.

25. Mr. Nance's car was impounded for having unlawful drugs in the motor vehicle.

**ANSWER:** Admit.

26. Mr. Nance was assaulted and harassed without a legitimate reason. He was never informed of why he was pulled over or handcuffed, and cooperated with the officers throughout the whole ordeal.

**ANSWER:** Deny.

27. The arrest of Mr. Nance was improper, violent, and included both physical and verbal assault. The unlawful treatment of Mr. Nance included the following:

5

    a.    Being pulled over and arrested without probable cause;

    b.    Being verbally abused by being told to "get the fuck out of the car" twice;

    c.    Being roughly pulled out of the car by his arm;

    d.    Having his face and chest slammed on to the hood of the squad car;

    e.    Having his hands pulled painfully behind his back to be handcuffed;

    f.    Being placed into the squad car through rough treatment of his arm;

    g.    Being yanked out of the automobile in a violent manner by his arm; and

    h.    Being pushed onto his back.

**ANSWER:**    Deny.

28.    The actions of defendants were so inappropriate that there could not have been a valid reason for their actions.

**ANSWER:**    Deny the actions as alleged and deny any remaining allegations.

29.    The police officers searched, abused, and handcuffed Mr. Nance before anything illegal was discovered.

**ANSWER:**    Admit plaintiff was handcuffed and deny the remaining allegations. Further answering, on information and belief, admit plaintiff was patted down.

30.    No drugs or contraband was found by the officers on the person of Mr. Nance, nor was any contraband found stored in his car.

**ANSWER:**    Admit.

31.    No criminal charges were brought against the Plaintiff.

**ANSWER:**    Admit plaintiff was not arrested but deny the allegations. Plaintiff was

issued a ticket and his vehicle was impounded.

    32.    Mr. Nance was required to go to the hospital and endure extensive medical treatment for injuries to his shoulders relating to his mistreatment by the police officers.

    **ANSWER:**    Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations.

    33.    The acts of the Defendants were undertaken willfully, wantonly, intentionally, recklessly, callously and with deliberate indifference to Plaintiff's right, privileges, and well-being.

    **ANSWER:**    Deny.

    34.    As the direct and proximate result of the wrongful acts of Defendants, Plaintiffs suffered physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

    **ANSWER:**    Deny.

## COUNT I

### (42 U.S.C. Section 1983 - Excessive Force)

    35.    As to all Defendants, the plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

    **ANSWER:**    Defendants reallege and incorporate their answers to the first 34 paragraphs as their answer to this paragraph 35 as though each and every answer was stated herein.

    36.    As describe in the preceding paragraphs, the conduct of Defendants towards the Plaintiff constituted excessive force in violation of the United States Constitution.

    **ANSWER:**    Deny.

37.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's Constitutional rights.

**ANSWER:**   Deny the misconduct described, deny any action either defendant took was unreasonable or willfully indifferent, but admit their actions were intentional.

38.     The actions of Defendants against Plaintiff have caused the Plaintiff physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

**ANSWER:**   Deny.

WHEREFORE, defendant Officers Thomas McKenna and Jason Van Dyke pray that this Court dismiss plaintiff's first amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

## COUNT II

### (Assault and Battery)

39.     As to all defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

**ANSWER:**   Defendants reallege and incorporate their answers to the first 34 paragraphs as their answer to this paragraph 39 as though each and every answer was stated herein.

40.     Defendants Thomas McKenna and Jason Van Dyke without cause or provocation assaulted and battered the Plaintiff by engaging in and among the conduct set forth herein, *supra*.

**ANSWER:**   Deny.

41.     The conduct of Defendants Thomas McKenna and Jason Van Dyke caused the Plaintiff to be placed in well-founded fear of his safety and well-being.

**ANSWER:**   Deny.

42. Defendants Thomas McKenna and Jason Van Dyke intentionally and unlawfully threatened and caused Plaintiff injury by force, which under circumstances created in the plaintiff a well-founded fear of imminent peril.

**ANSWER:** Deny.

43. Defendants Thomas McKenna and Jason Van Dyke had the apparent present ability to effectuate and complete the injury so offered and threatened.

**ANSWER:** Deny any action of either officer threatened or was with the intent of placing plaintiff in fear of his physical safety and deny all allegations in this paragraph.

44. Defendants Thomas McKenna and Jason Van Dyke's assault and battery of the Plaintiff described herein, *supra*, was performed without Plaintiff's consent and against his will, and resulted in harmful and/or offensive contact to the Plaintiff.

**ANSWER:** Deny assault and battery, deny plaintiff was harmed and deny offensive contact and further deny all remaining allegations.

45. At all relevant times to this action, Defendants Thomas McKenna and Jason Van Dyke should have known that their conduct was harmful and/or offensive to the Plaintiff.

**ANSWER:** Deny the conduct as alleged and deny the allegations in this paragraph.

46. Defendants Thomas McKenna and Jason Van Dyke's actions as alleged herein, *supra*, were willful and intentional and were taken with wanton disregard of the Plaintiff's well-being.

**ANSWER:** Deny.

47. The misconduct described in this Count was undertaken by Defendants Thomas McKenna and Jason Van Dyke within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

**ANSWER:** Deny they engaged in the allegations alleged, deny any misconduct but

admit that the actions they took were within the scope of their employment.

48.     The actions of Defendants against Plaintiff have caused the Plaintiff physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

**ANSWER:**    Deny.

WHEREFORE, defendant Officers Thomas McKenna and Jason Van Dyke pray that this Court dismiss plaintiff's first amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

**Affirmative Defenses**

1.     The individual Chicago police officer defendants were and are government officials (police officers) who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted the defendants, could have believed their actions to be lawful, in light of clearly established law and the information the Defendants possessed. Therefore, they are entitled to qualified immunity.

2.     Under the Illinois Tort Immunity Act, defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (2004).

3.     Where defendants may be liable in damages, the amount of damages to which plaintiff would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, wilful and wanton and

negligent conduct of plaintiff, which was the proximate cause of his injuries and damages.

    4.    Except as otherwise provided by statute, a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2204).

    5.    An award of punitive damages would deprive defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where the award of punitive damages is unreasonable and disproportionate to the amount of harm to the plaintiff and to the actual damages recovered.

## JURY DEMAND

Defendants demand a trial by jury.

Respectfully submitted,

    /s/ A.E. Martin
Arlene E. Martin
Chief Assistant Corporation Counsel

30 N. LaSalle Street - Suite 1400
Chicago, Illinois 60602
312.744.6949
ATTY. NO. 06189906