THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD NANCE, | ) |
| Plaintiff, | ) |
| | ) No. 08 C 44 |
| v. | ) |
| | ) |
| CITY OF CHICAGO, a Municipal Corporation, THOMAS McKENNA, Individually and as employee of CITY OF CHICAGO and JASON VAN DYKE, Individually and as employee of CITY OF CHICAGO, | ) |
| Defendants. | ) |

**SECOND AMENDED
COMPLAINT AT LAW**

NOW COMES the Plaintiff, EDWARD NANCE, by and through his attorneys, THE LAW OFFICES OF MICHAEL P. McCREADY & ASSOCIATES, and complaining against Defendants, CITY OF CHICAGO, THOMAS McKENNA and JOHN DOE, and states as follows:

**Introduction**

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42, U.S.C., Section 1983.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is provided by 28 U.S.C. Section 1331 and Section 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Section 1367.

3. Venue is proper in this judicial district under 28 U.S.C. Section 1391(a) because Plaintiff

and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

## The Parties

4. Plaintiff Edward Nance ("Mr. Nance") is an African American citizen of the state of Illinois and is a resident of this Judicial District.

5. Defendant City of Chicago ("City") is a municipality incorporated under the laws of the State of Illinois, and at all times relevant times thereto exercised control over the Chicago Police Department, including Police Officer Thomas McKenna and Police Officer John Doe.

6. Officer Thomas McKenna (star # 13122) is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

7. Officer Jason Van Dyke is, upon information and belief, a resident of this Judicial District and employed by the Chicago Police Department.

8. All Defendants have acted under color of state law at all material times hereto and were agents an/or servants of Defendant City of Chicago.

## Facts

9. On the evening of July 9, 2007, Edward Nance (Mr. Nance), an African-American, was traveling with his cousin Carlton Clark (Mr. Clark), an African American, in an automobile driven by Edward Nance

10. At approximately 11:30 P.M., Mr. Nance was driving with his cousin on 87th Street near Martin Luther King Drive.

11. At approximately the same time a Chicago Police Department squad car was located behind Mr. Nance.

12. Said squad car turned on its emergency lights.

13. Mr. Nance pulled over the automobile when he saw the emergency lights on the squad car.

14. After pulling over his vehicle, Mr. Nance observed the squad car also pull over.

15. Two on duty officers, Thomas McKenna and Police Officer Jason Van Dyke, his partner, both white officers with the Chicago Police Department, exited their vehicle and approached the vehicle driven by Mr. Nance.

16. When Officer I approached the vehicle, he stated to Mr. Nance "get the fuck out of the car."

17. Mr. Nance unlocked his door to exit the vehicle.

18. Thomas McKenna proceeded to forcibly pull Mr. Nance from his automobile.

19. Thomas McKenna slammed Mr. Nance's chest and face onto the hood of the squad car.

20. Mr. Nance asked the officers repeatedly why he was being handcuffed, and they did not answer his questions.

21. Police Officer Jason Van Dyke Doe then painfully handcuffed Mr. Nance's hands behind his back and threw him into the back seat of the squad car.

22. Mr. Clark was then searched and arrested for possession of marijuana.

23. Some time later, Mr. Nance, still not informed of why he was pulled over, was yanked from the squad car by Police Officer Jason Van Dyke, pushed over on to his back, and told to go home.

24. Mr. Nance was never informed of why he was pulled over and handcuffed.

25. Mr. Nance's car was impounded for having unlawful drugs in the motor vehicle.

26. Mr. Nance was assaulted and harassed without a legitimate reason.  He was never

informed of why he was pulled over or handcuffed, and cooperated with the officers throughout the whole ordeal.

27. The arrest of Mr. Nance was improper, violent, and included both physical and verbal assault. The unlawful treatment of Mr. Nance included the following:

   a. Being pulled over and arrested without probable cause;

   b. Being verbally abused by being told to "get the fuck out of the car" twice;

   c. Being roughly pulled out of the car by his arm;

   d. Having his face and chest slammed on to the hood of the squad car;

   e. Having his hands pulled painfully behind his back to be handcuffed;

   f. Being placed into the squad car through rough treatment of his arm;

   g. Being yanked out of the automobile in a violent manner by his arm; and

   h. Being pushed onto his back.

28. The actions of defendants were so inappropriate that there could not have been a valid reason for their actions.

29. The police officers searched, abused, and handcuffed Mr. Nance before anything illegal was discovered.

30. No drugs or contraband was found by the officers on the person of Mr. Nance, nor was any contraband found stored in his car.

31. No criminal charges were brought against the Plaintiff.

32. Mr. Nance was required to go to the hospital and endure extensive medical treatment for injuries to his shoulders relating to his mistreatment by the police officers.

33. The acts of the Defendants were undertaken willfully, wantonly, intentionally, recklessly, callously and with deliberate indifference to Plaintiff's rights, privileges, and well-being.

34. As the direct and proximate result of the wrongful acts of Defendants, Plaintiffs suffered physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

## COUNT I

### (42 U.S.C. Section 1983- Excessive Force)

35. As to all Defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

36. As described in the preceding paragraphs, the conduct of Defendants towards the Plaintiff constituted excessive force in violation of the United States Constitution.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's Constitutional rights.

38. The actions of Defendants against Plaintiff have caused the Plaintiff physical injury, shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment of Defendants in such an amount as the Court shall find just in the premises, along with attorney's fees and costs, pursuant to 42 U.S.C. 1988.

## COUNT II

### (Assault and Battery)

39. As to all Defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

40. Defendants Thomas McKenna and Jason Van Dyke without cause or provocation assaulted and battered the Plaintiff by engaging in and among the conduct set forth herein, *supra*.

41. The conduct of Defendants Thomas McKenna and Jason Van Dyke caused the Plaintiff to be placed in well-founded fear of his safety and well-being.

42. Defendants Thomas McKenna and Jason Van Dyke intentionally and unlawfully threatened and caused Plaintiff injury by force, which under circumstances created in the Plaintiff a well-founded fear of imminent peril.

43. Defendants Thomas McKenna and Jason Van Dyke had the apparent present ability to effectuate and complete the injury so offered and threatened.

44. Defendants Thomas McKenna and Jason Van Dyke's assault and battery of the Plaintiff described herein, *supra*, was performed without Plaintiff's consent and against his will, and resulted in harmful and/or offensive contact to the Plaintiff.

45. At all relevant times to this action, Defendants Thomas McKenna and Jason Van Dyke should have known that their conduct was harmful and/or offensive to the Plaintiff.

46. Defendants Thomas McKenna and Jason Van Dyke's actions as alleged herein, *supra*, were willful and intentional and were taken with wanton disregard of the Plaintiff's well-being.

47. The misconduct described in this Count was undertaken by Defendants Thomas McKenna and Jason Van Dyke within the scope of their employment such that their employer, the City of Chicago, is liable for their actions.

48. The actions of Defendants against Plaintiff have caused the Plaintiff physical injury,

shock, fright, mortification, embarrassment, humiliation, loss of property, loss of liberty, loss of enjoyment of life, mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment of Defendants in such an amount as the Court shall find just in the premises and costs.

## COUNT III

### (Illegal Seizure)

49. As to all Defendants, the Plaintiff realleges paragraphs 1 through 34 above as though fully set forth herein.

50. The manner in which the plaintiff was seized was executed was unreasonable and constituted unnecessary and excessive force by engaging in the conduct set forth herein, *supra*, in one or more of the following respects:

   a. Pulling over the Plaintiff's automobile without probable cause;

   b. Handcuffing the Plaintiff without probable cause for arrest;

   c. Forcibly removing the Plaintiff from the squad car;

   d. Detaining the Plaintiff in the squad car while not under arrest.

51. The acts described herein, *supra*, violated Plaintiff's Fourth Amendment rights and are actionable pursuant to 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff demands judgment against the Defendant in such an amount as the Court shall find just in the premises, along with attorney's fees and costs, pursuant to 42 U.S.C. 1983.

PLAINTIFF DEMANDS TRIAL BY JURY

_____/s/ Michael P. McCready
Michael P. McCready
Law Offices of Michael P. McCready, P.C.
10008 S. Western Avenue
Chicago, IL 60643
773-779-9885
773-779-9190 fax