# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDWARD NANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 08 C 44 |
| v. | ) |
| | )   Judge Kocoras |
| CITY OF CHICAGO, a Municipal Corporation, | ) |
| THOMAS McKENNA, Individually and as employee | ) |
| of CITY OF CHICAGO and JASON VAN DYKE, | ) |
| Individually and as employee of CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## FINAL PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. 16 and Michael P. McCready, 10008 S. Western Avenue Chicago, Illinois having appeared as counsel for the Plaintiff, Edward Nance, and Arlene E. Martin and Thomas Aumann, Assistant Corporation Counsel having appeared as counsel for all Defendants, the following actions were taken:

1.  This is an action for a violation of civil rights and the jurisdiction of the Court is invoked under 42 U.S.C. 1983.  Jurisdiction is not disputed.

2.  The following stipulations and statements were submitted and are attached to and made a part of this Order:

    a.  The parties hereby stipulate to the following facts:

        i.   Thomas McKenna and Jason Van Dyke were employed by the City of Chicago Police Department and were operating under the color of law at all relevant times;

        ii.  Edward Nance incurred $102,240.81 in medical bills.  Defendants agree to stipulate only to the total amount of plaintiff's medical bills.  Objection to stipulation ii being read to the jury.  Plaintiff proposes reading the stipulation in his case in chief.

        iii.  Plaintiff was driving eastbound on 87th Street on July 9, 2007 when defendants pulled plaintiff over for a traffic stop at or about Martin Luther King Drive.

    b.  **Plaintiff's Exhibits**
        1.  Model of shoulder
        2.  Dr. Mass curriculum vitae
        3.  Dr. Mass' records
        4.  Chart of medical bills

5.       Medical records from Ingalls Urgent Care
6.       Medical records from Trinity Hospital
7.       Medical records from Dr. Akrami
8.       Medical records from Dr. Karimi
9.       Medical records from University of Chicago
10.      Jaycee Nelson records
11.      Edward Nance resume
12.      Disability lien from Liberty Mutual
13.      Arrest report Carleton Clarke
14.      Unit & event queries
15.      Van Dyke training records
16.      McKenna training records
17.      OPS Complaint
18.      Photos of scene (taken by Defendant)
19.      Photos of plaintiff's shoulder
20.      2004-2008 W-2's
21.      Fidelity Investments 2007 1099
22.      Fidelity Investment loan documentation
23.      Cook County Sheriff application materials
24.      Comcast Paystub for week of August 12, 2007
25.      Comcast pay reports 2004-2008
26.      2009 most recent paystub
27.      Mortality Table

**b.  Defendants' Objections To Plaintiff's Exhibits**

1.       <u>Model of shoulder</u>:  Objection.  Foundation, relevance.  Defendants have no objection if this exhibit is  used for demonstrative purposes.

2.       <u>Dr. Mass curriculum vitae</u>: Objection.  Relevance, hearsay.

3.       <u>Dr. Mass' records</u>.  Objection.  Foundation, cumulative.  Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

4.       <u>Chart of medical bills</u>: No objection.

5.       <u>Medical records from Ingalls Urgent Care</u>: Objection.  Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

6.       <u>Medical records from Trinity Hospital</u>:  Objection.  Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

7.     <u>Medical records from Dr. Akrami</u>:  Objection.  Foundation. Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

8.     <u>Medical records from Dr.Karimi</u>: Objection.  Foundation.  Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

9.     <u>Medical records from University of Chicago</u>:  Objection.  Foundation, cumulative.  Not specifically identified by bates number or by tendering marked copies to the defendants. Documents may contain otherwise inadmissible material.

10.    <u>Jaycee Nelson records</u>:  Objection.  Foundation. Not specifically identified by bates number or by tendering marked copies to the defendants.  Documents may contain otherwise inadmissible material.

11.    <u>Edward Nance resume</u>: Objection.  Relevance, self-serving documents, hearsay.

12.    <u>Disability lien from Liberty Mutual</u>: Objection.  Cumulative, relevance.  This is an insurance document.

13.    <u>Arrest report of Carlton Clarke</u>:  Objection.  Relevance, hearsay.  No objection if used to refresh recollection after a foundation has been laid.

14.    <u>Unit and event queries</u>: Objection.  Relevance, foundation.

15.    <u>Van Dyke training records</u>: Objection.  Relevance, foundation.  There is no *Monell* policy claim.

16.    <u>McKenna training records</u>: Objection.  Relevance, foundation.  There is no *Monell* policy claim.

17.    <u>OPS Complaint</u>: Objection.  Hearsay, foundation, relevance.

18.    <u>Photos of scene (taken by defendant)</u>: No objection.

19.    <u>Photos of plaintiff's shoulder</u>: No objection if the photos are those previously tendered. Defendants object to the use of any photos depicting injury, surgery, or post surgery photographs that have not previously been tendered.

20.    <u>2004-2008 W-2s</u>: Objection.  Hearsay, foundation, relevance.

21.    <u>Fidelity Investments 2007 Form 1099</u>: Objection.  Foundation, hearsay, relevance.

22.    <u>Fidelity Investment loan documentation</u>: Objection.  Foundation, hearsay, relevance.

23.   Cook County Sheriff application materials: Objection.  Not previously tendered, relevance, hearsay, self-serving.

24.   Comcast Paystub for week of August 12, 2007: Objection.  Foundation, relevance, cumulative.

25.   Comcast pay reports 2004-2008: Objection.  Foundation, hearsay, relevance, cumulative.

26.   2009 most recent paystub:  Objection.  Not previously tendered.  Foundation, hearsay, relevance.

b.   **Defendants' Exhibits**

1.   Ingalls Memorial Hospital/Calumet City records (Bates stamp numbers 03-030)
2.   Trinity Hospital records (032-062)
3.   Traffic ticket issued to plaintiff - No. T M-590-151 (IDL 0128-0129)
4.   Certified Statement of Disposition of ticket (IDL 0130)
5.   Cook County Sheriff response to defendants' subpoena
6.   Office of Professional Standards Statement given by Edward Nance
7.   Office of Professional Standards Statement given by Carlton Clarke
8.   Illinois Department of Healthcare and Family Services
9.   Illinois Department of Public Aid
10.  Garnishment Records
11.  Plaintiff's Complaint at Law
12.  Plaintiff's First Amended Complaint at Law
13.  Plaintiff's Second Amended Complaint at Law
14.  Plaintiff's Answer to Defendants' Interrogatories
15.  Plaintiff's Response to Defendants' Request to Produce
16.  Plaintiff's Criminal History Report
17.  Photographs of Area of Traffic Stop

b.   **Plaintiff's Objections To Defendants' Exhibits**

1.   Ingalls Memorial Hospital/Calumet City records (Bates stamp numbers 03-030): No Objection.

2.   Trinity Hospital records (032-062): No objection to records dated after July 9, 2007. Objection as to relevance as to all records preceding the date of loss.

3.   Traffic ticket issued to plaintiff - No. T M-590-151 (IDL 0128-0129): Objection. Relevance, hearsay.

4.   Certified Statement of Disposition of ticket (IDL 0130): Objection.  Not previously tendered.  Hearsay, relevance.

5.   Cook County Sheriff response to defendants' subpoena:  Objection. Relevance, hearsay.

6.      <u>Office of Professional Standards Statement given by Edward Nance</u>: No objection.

7.      <u>Office of Professional Standards Statement given by Carlton Clarke</u>:  Objection.  Not previously tendered.  Hearsay, relevance.

8.      <u>Illinois Department of Healthcare and Family Services</u>:  Objection.  Relevance, hearsay.

9.      <u>Illinois Department of Public Aid</u>:  Objection.  Relevance, hearsay.

10.     <u>Garnishment Records</u>:  Objection.  Relevance, hearsay.

11.     <u>Plaintiff's Complaint at Law</u>: Objection.  Second Amended Complaint at issue.

12.     <u>Plaintiff's First Amended Complaint at Law</u>:  Objection.  Second Amended Complaint at issue.

13.     <u>Plaintiff's Second Amended Complaint at Law</u>: No objection.

14.     <u>Plaintiff's Answer to Defendants' Interrogatories</u>: No objection.

15.     <u>Plaintiff's Response to Defendants' Request to Produce</u>: No objection.

16.     <u>Plaintiff's Criminal History Report</u>: Objection.  Relevance, hearsay, Fed R. Enid. 609 & 404(b).

17.     <u>Photographs of the area of traffic stop</u>: No objection.

**c.      Plaintiff's Witnesses**
1.      Edward Nance;
2.      Thomas McKenna;
3.      Jason Van Dyke;
4.      Edward Massas;
5.      Jaime Torres;
6.      Yvonne Nance-McKinney;
7.      Andrew Nance;
8.      Angela Nance;
9.      Malcolm Hemphill;
10.     Jessie Knighten;
11.     Dr. Farid Karimi;
12.     Dr. Cyrus Akrami;
13.     Dr. Daniel Mass;
14.     Diane Kenner;
15.     Carlton Clarke;
16.     Dr. Jaycee Nelson;
17.     Any witness needed to lay a foundation for any exhibit;

18.     The keeper of records for any of Plaintiff's medical providers;
19.     Any witness needed for rebuttal.

**c.  Defendants Objections to Plaintiff's Witnesses**

1.      <u>Edward Nance</u> - no objection

2.      <u>Thomas McKenna</u> - no objection

3.      <u>Jason Van Dyke</u> - no objection

4.      <u>Edward Massas</u> - no objection

5.      <u>Jaime Torres</u> - no objection

6.      <u>Yvonne Nance-McKinney</u> (sister of plaintiff) - objection.  Cumulative.  In addition to himself testifying to damages, plaintiff has identified four family members to testify to damages.

7.      <u>Andrew Nance</u> (son of plaintiff) - objection.  Cumulative.  In addition to himself testifying to damages, plaintiff has identified four family members to testify to damages.

8.      <u>Angela Nance</u> (wife of plaintiff) -  objection.  Plaintiff advised defendants he would not be calling his wife to testify.  Cumulative.  In addition to himself testifying to damages, plaintiff has identified four family members to testify to damages.

9.      <u>Malcolm Hemphill</u> - objection.  Relevance.

10.     <u>Jessie Knighten</u> - objection.  Relevance.

11.     <u>Dr. Farid Karimi</u> - objection to Dr. Karimi's giving expert opinion testimony regarding the cause of plaintiff's mental condition and the prognosis of the plaintiff's mental condition.  Defendants have no objections to the doctor giving testimony to facts as they relate to his treatment of the plaintiff.  Dr. Karimi is a treating psychiatrist and has not been identified as an expert.  Plaintiff's counsel asked opinion questions of the doctor after defendants concluded the taking of his deposition testimony.  See defendants' motion *in limine*.

12.     <u>Dr. Cyrus Akrami</u> - objection to Dr. Akrami giving opinion testimony regarding the cause of plaintiff's physical condition and the prognosis of the plaintiff's physical condition. Defendants have no objections to the doctor giving testimony to facts as they relate to his treatment of the plaintiff for the injuries at issue.  Dr. Akrami is plaintiff's family physician and has not been identified as an expert.   See defendants' motion *in limine*.

13.     <u>Dr. Daniel Mass</u> - no objection.

14. <u>Diane Kenner</u> (sister of plaintiff) - objection.  Cumulative.  In addition to himself testifying to damages, plaintiff has identified four family members to testify to damages.

15. <u>Carlton Clarke</u> - no objection.

16. <u>Dr. Jaycee Nelson</u> - no objection.

17. <u>Any witness need to lay a foundation for any exhibit</u>: objection to any witness testifying without being identified before trial.

18. <u>The keeper of records for any of plaintiff's medical providers</u>: no objection if the documents have been previously tendered and the plaintiff properly identifies the documents intended.

19. <u>Any witness needed for rebuttal</u> - objection.  No witness has been identified by the plaintiff that defendants did not take a deposition, and therefore, there is no known individuals who plaintiff could call as a rebuttal witness.  Unduly prejudicial.

c.  **Defendants' Witness List**

1. Jason Van Dyke
   Defendant

2. Thomas McKenna
   Defendant

<u>Defendants may call</u>
3. Edward Massas
   Chicago Police Officer
   Chicago Police Department

4. Jaime Torres
   Chicago Police Officer
   Chicago Police Department

5. Carlton Clarke
   4146 W. Wilcox
   Chicago, Illinois

6. Malcolm Hemphill

7. Jessie Knighten

8. Illinois National Guard Record Keeper

9.      Peter M. Kramer, General Counsel or
        Cook County Sheriff's Office Record Keeper
        50 W. Washington St. - room 704
        Chicago, Illinois

10.     Record Keeper for Trinity Hospital
        2320 E. 93rd St.
        Chicago, Illinois

11.     Record Keeper for Ingalls's Memorial Hospital/ Calumet City
        One Ingalls Dr.
        Harvey, Illinois

12.     OPS Investigator Darren Bowels
        Chicago Police Department
        Chicago, Illinois

13.     Lena Bennett
        Chicago, Illinois

**d.      <u>Plaintiff's Objections to Defendants' Witnesses</u>**

1.      <u>Jason Van Dyke</u>: No Objection.

2.      <u>Thomas McKenna</u>: No Objection.

<u>Defendants may call</u>
3.      <u>Edward Massas</u>: No Objection.

4.      <u>Jaime Torres</u>: No Objection.

5.      <u>Carlton Clarke</u>: No Objection.

6.      <u>Malcolm Hemphill</u>: No Objection.

7.      <u>Jessie Knighten </u>: No Objection.

8.      <u>Illinois National Guard Record Keeper</u>: Plaintiff will stipulate to foundation if such
        documents are ruled to be admissible.

9.      <u>Peter M. Kramer, General Counsel or
        Cook County Sheriff's Office Record Keeper</u>: Plaintiff will stipulate to foundation if such
        documents are ruled to be admissible.

10.     <u>Record Keeper for Trinity Hospital</u>: Objection.  Plaintiff has stipulated to Trinity records.

11. <u>Record Keeper for Ingalls's Memorial Hospital/ Calumet City</u>: Objection.  Plaintiff has stipulated to Ingalls's records.

12. <u>OPS Investigator Darren Bowels</u>: Objection.  Witness not disclosed in discovery.  No OPS investigation was ever concluded other than Plaintiff's initial complaint.  Plaintiff will stipulate to foundation if such documents are ruled to be admissible.

13. <u>Lena Bennett</u>:  Objection.  Witness not disclosed in discovery. Relevance.

d. Neither Plaintiff nor Defendant have disclosed any expert witnesses in this matter. Plaintiff will be eliciting expert opinion testimony from Dr. Mass and to that extent, prior to Dr. Mass' deposition, had tendered an expert.

e. Plaintiff may use portions of the following depositions in this matter:
      i.     Dr. Akrami
      ii.    Dr. Jaycee Nelson
      iii.   Dr. Mass (video)
      iv.   Any witness previously deposed who does not appear in court
Defendants object to any deposition read into evidence unless and until the appropriate rule requirements are met, <u>i.e.</u>, a deponent's unavailability.

f. An itemized list of economic special damages is attached.

g. The Plaintiff has abandoned his claim of assault and his allegation regarding an illegal stop.

h. Trial brief, instructions and motions in limine
      i.     Plaintiff asks leave to file a trial brief at a later date.
      ii.    Agreed instructions as well as objected to instructions are attached hereto. The parties reserve the right to supplement the instructions based on rulings by the Court.

iii. **Plaintiff's Proposed Voir Dire**
     (1)    Does anyone feel simply because the Defendants are police officers that they are inherently more credible or believable?
     (2)    In light of cases where a citizen has videoed an event involving the police, does anyone feel that because there is no citizen video in this case, that there was no use of excessive force?

iii. **Defendants' Objections to Plaintiff's Proposed Voir Dire**

     (1)    <u>Does anyone feel simply because the Defendants are police officers that they are inherently more credible or believable?</u>
          Objection: Vague.  Incomplete question.  Furthermore, it is not a neutral

question but rather is a question meant to condition the panel.

(2)     <u>In light of cases where a citizen has videoed an event involving the police, does anyone feel that because there is no citizen video in this case, that there was no use of excessive force?</u>
Objection: This question is not neutral in that plaintiff is actually telling the jury panel that there was use of excessive force and rather is a question meant to condition the panel.  Furthermore, this question provides an improper reference to police brutality cases that were recorded on videos and shown on television and the internet.

iii.   **Defendants' Questions for Prospective Jurors**

1.      State your full name

2.      State your age.

3.      Where have you lived for the last 5 years (not the address). If Chicago, identify area of the city.

4.      Marital status (married, divorced, widowed).

5.      Whether you have children (number, ages).  If your children are adults, what are their occupations?  If your children are married, what are the occupations of their spouses?

6.      Education (level of school, degrees and area of study).

7.      Military service, if any (branch, year of service, rank, duties, type of discharge).

8.      Your employment for the last 5 years (employer and job description).

9.      Employment for last 5 years of persons living with you, including your spouse, adult children, parents, roommates or anyone else:

10.     Outside interests and hobbies; favorite TV and radio shows, newspapers and magazines, last book you read.

11.     Do you watch any TV programs about police investigation or the court system?

12.     From what sources do you receive your news?

13.     Do you read the newspaper every day and, if so, which ones?

14.     Whether you have served on a  jury before; when and what kind of case; whether

a verdict was reached (do not disclose what the verdict was).

15.     Have you or a close friend or member of your immediate family been a party to or a witness in a civil lawsuit, administrative action or criminal case (other than a routine traffic case)? If so, the type of proceeding(s), date(s), and nature of your involvement (plaintiff, defendant, witness, crime victim, etc.).

16.     Are any of your close friends or family members employed by the city of Chicago?

17.     Are you familiar with the area of 87th St. and Martin Luther King Dr. in Chicago?

18.     Have you or a close friend or member of your immediate family ever worked for the Chicago Police Department?

19.     Do you, members of your immediate family or close friends work for a law enforcement agency?

20.     Do you, members of your immediate family or close friends have any legal training?

21.     Do you, members of your immediate family or close friends work for a law firm or agency?

22.     Have you had any experiences with the police that have caused you to have any favorable or unfavorable attitudes towards the police?  (Defendants request any specific details to be heard at sidebar).

23.     Do you hold any philosophical or religious beliefs that would prevent you from sitting in judgment of another person or company?

24.     Is there anything about this case, the identity or status of parties, or anything else you've seen or heard today that would impair your ability to be a fair and impartial juror?

25.     Will the fact that the defendants are Chicago police officers affect your ability to render a fair verdict based solely on the evidence and the law as I present it to you?

**Plaintiff's Response to Defendant's Proposed Voir Dire**

To the extent that the Court will conduct voir dire, Plaintiff has no objections to the above areas of inquiry.

I.      **Plaintiff's Motions in Limine**

        i.      To prohibit any inquiry into any past or subsequent arrests of the Plaintiff

as none have ever resulted in a conviction;

ii. To prohibit any inquiry into recommendations for alcohol or anger management counseling;

iii. To prohibit any inquiry into child support, back child support, arrears or garnishment for child support;

iv. To prohibit inquiry into payments received or lost as the result of refereeing as no claim for such lost income is made;

v. To prohibit inquiry into the contents of Plaintiff's trunk at the arrest, specifically that he had purchased liquor for his family's lounge;

vi. To refrain from using the nickname "Ten Speed" or "Speedy" in reference to Carlton Clarke;

vii. To refrain from asking non-occurrence witnesses about the facts of the incident with the police as any statements would constitute hearsay;

viii. To prohibit any questioning or inference that the race of the Plaintiff and the race of the Defendants had anything to do with the incident;

ix. The timing or circumstances of Plaintiff's consulting or retaining an attorney following the incident.

I. **<u>Defendants' Objections to Plaintiff's Motions in Limine</u>**
Defendants will respond to plaintiff's motions in limine upon the Court setting a briefing schedule regarding the parties' motions in limine.

I. **<u>Defendants' Motions in Limine</u>**
Defendants will file their motions in limine separately.

3. The trial of this case is expected to take 3-4 days.

4. A jury demand has been filed in this case.

5. The parties recommend that eight (8) jurors be selected at the commencement of the trial and be allowed to deliberate. Defendants request that eight (8) jurors be selected at the commencement of trial and participate in the deliberation.

6. The parties agree that the issues of liability and damages should not be bifurcated for trial.

7. The parties do not consent to this case being re-assigned to a magistrate judge for trial.

8. This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

9. The Plaintiff's first demand for settlement was $975,000. Defendants received Plaintiff's only settlement demand on March 22, 2009. Defendants have made no settlement offer to Plaintiff, but will continue to evaluate Plaintiff's demand.

_____
CHARLES P. KOCORAS
United States District Court

Date:_____4/7/09_____


 _/s/  Michael P. McCready_____          _/s/  Arlene E. Martin_____
Michael P. McCready                          Arlene E. Martin
Attorney for Plaintiff                       Chief Corporation Counsel
Law Offices of Michael P. McCready, P.C.     Attorney for all Defendants
10008 S. Western Ave.                        30 North LaSalle Street
Chicago, IL 60643                            Chicago, Illinois 60602
773-779-9885                                 312-744-9210


                                             __/s/__Thomas Aumann_____
                                             Thomas Aumann
                                             Assistant Corporation Counsel
                                             Attorney for all Defendants
                                             30 North LaSalle Street
                                             Chicago, Illinois 60602
                                             312-744-7630

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 07/10/07 - 07/13/07 | Sullivan Urgent Aid Centers, Ltd.<br>Dept. 20-6001, P.O. Box 5990<br>Carol Stream, IL 60197-5990 | $433.00 |
| 07/10/07 - 07/13/07 | Ingalls Hospital<br>P.O. Box 75608<br>Chicago, IL 60675-5608 | $1,897.00 |
| 07/17/07 - 07/18/07 | Chicago Imaging, Ltd.<br>75 Remittance Drive, Suite 1667<br>Chicago, IL 60675-1667 | $380.00 |
| 7/17/07 - 7/18/07 | Trinity Hospital<br>PO Box 70173<br>Chicago, IL | $5,280.00 |
| 07/23/07 - 10/29/07 | Cyrus Akrami, MD<br>9204 S. Commercial, Ste. 413<br>Chicago, IL 60617 | $180.00 |
| 07/30/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $415.00 |
| 08/14/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $360.00 |
| 08/17/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Surgery | $27,497.94 |
| 08/30/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $127.00 |

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 10/01/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $127.00 |
| 10/03/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $295.00 |
| 10/05/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $265.00 |
| 10/08/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 10/10/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $700.00 |
| 10/12/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 10/15/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 10/19/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 10/22/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $300.00 |
| 10/24/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 10/29/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $200.00 |
| 10/31/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 11/08/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 11/09/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $286.00 |
| 11/13/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 11/16/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 11/19/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Cast - Walking Boot | $541.00 |
| 11/19/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>X-rays and Radiological Exam | $999.00 |
| 11/19/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Exam | $127.00 |
| 11/19/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Exam | $88.00 |
| 11/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $400.00 |
| 11/27/07-3/6/08 | Dr. Farid Karimi<br>11235 Distinctive Drive<br>Orland Park, IL 60467 | $700.00 |
| 11/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Exam | $215.00 |
| 11/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Exam | $415.00 |

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 11/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>X-rays and Radiological Exam | $274.00 |
| 11/29/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 12/03/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 12/06/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 12/10/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $286.00 |
| 12/10/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Radiology - CT Scan | $1,815.00 |
| 12/18/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 12/21/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |

| DATE OF SERVICE | PROVIDER | AMOUNT |
|---|---|---|
| 12/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $200.00 |

| | | |
|---|---|---|
| 12/27/07 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Evaluation | $215.00 |
| 01/04/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 01/08/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $200.00 |
| 01/10/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $200.00 |
| 01/21/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 01/25/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |

| 01/29/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $262.00 |
|---|---|---|
| | Orthopedic Evaluation | |
| 02/07/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |
| 02/08/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $18,412.05 |
| | Surgery | |
| 02/21/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $127.00 |
| | Orthopedic Evaluation | |
| 03/20/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $127.00 |
| | Orthopedic Evaluation | |
| 03/24/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |
| 03/25/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $154.00 |
| | Physical Therapy | |
| 04/01/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |

| | | |
|---|---|---|
| 04/03/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $100.00 |
| | Physical Therapy | |
| 04/07/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 04/10/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |
| 04/11/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |
| 04/14/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $200.00 |
| | Physical Therapy | |
| 04/17/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $154.00 |
| | Physical Therapy | |
| 04/21/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $127.00 |
| | Orthopedic Exam | |
| 04/23/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |

| 04/25/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 04/28/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 04/30/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 05/02/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 05/06/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 05/07/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 05/12/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |
| 05/14/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $300.00 |
| | Physical Therapy | |

| | | |
|---|---|---|
| 05/16/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 05/19/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 05/21/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 05/23/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $200.00 |
| 05/27/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 05/28/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/02/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Orthopedic Exam | $215.00 |
| 06/03/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |

| 06/04/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/09/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/11/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/16/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/18/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 06/25/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $300.00 |
| 07/02/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $318.00 |
| 07/07/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674<br><br>Physical Therapy | $318.00 |

| 07/09/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 07/14/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 07/16/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 07/21/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 07/23/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 07/28/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $233.00 |
| | Orthopedic Exam | |
| 07/30/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |
| 08/01/08 | University of Chicago Hospitals<br>1122 Paysphere Circle<br>Chicago, IL 60674 | $318.00 |
| | Physical Therapy | |

| | | |
|---|---|---|
| 08/17/07 - 02/08/08 | The University of Chicago Physicians Group<br>75 Remittance Drive, Suite 1385<br>Chicago, IL 60675-1385 | $20,768.00 |
| 07/10/07 - 03/20/08 | CVS Pharmacy<br>8712 S. Stony Island Avenue<br>Chicago, IL 60617 | $181.82 |
| | TOTAL MEDICAL | $102,240.81 |
| 8/12/07-12/31/08 | Comcast          TOTAL LOST WAGES<br>1500 Market Street<br>Philadelphia, PA | $68,902.00 |
| | TOTAL SPECIALS | $171,142.81 |

## AGREED INSTRUCTIONS

Members of the jury, the evidence and arguments in this case have been completed, and I will now instruct you as to the law applicable to this case.  It is your duty to follow all of the instructions.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts from the evidence in this case.  You are to apply the law given to you in these instructions to the facts and in this way decide the case.

This case should be considered and decided by you as an action between parties of equal standing in the community.  All parties stand equal before the law and are to be dealt with as equals in a court of justice.

Agreed Instruction 1
Court Instruction 1

Neither by these instructions, nor by any ruling or remark which I have made,
do I mean to indicate any opinion as to the facts or as to what your verdict should be.
You are the sole and exclusive judges of the facts.


Agreed Instruction 2
Court Instruction 2

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

A stipulation is an agreed statement of facts between the parties, and you should regard agreed statements as true.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts.

You are to disregard any evidence to which I sustained an objection or which I ordered stricken. Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded. You should not be influenced by sympathy, prejudice, fear or public opinion.

Agreed Instruction 3
Court Instruction 3

Opening statements of counsel are for the purpose of acquainting you in advance with the facts counsel expect the evidence to show. Closing arguments of counsel are for the purpose of discussing the evidence.

Opening statements, closing arguments, and other statements of counsel should be disregarded to the extent they are not supported by the evidence.

During the course of trial, it sometimes becomes the duty of counsel to make objections and for the court to rule on them in accordance with the law. The fact that counsel made objections should not influence you in any way.

Agreed Instruction 4
Court Instruction 4

There are two types of evidence: direct and circumstantial. Direct evidence is the testimony of a person who claims to have personal knowledge of the disputed facts, such as an eyewitness. Circumstantial evidence consists of proof of facts and circumstances which give rise to a reasonable inference of the truth of the facts sought to be proved. The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

Agreed Instruction 5
Court Instruction 5

You are the sole judges of the credibility of the witnesses, and of the weight to be given to each of them. In considering the testimony of any witness, you may take into account the witness' intelligence, ability and opportunity to observe, age, memory, manner while testifying, any interest, bias, or prejudice the witness may have, and the reasonableness of the testimony considered in the light of all the evidence in the case.


Agreed Instruction 6
Court Instruction 6

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Agreed Instruction 7
Court Instruction 7

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.


Agreed Instruction 8
Court Instruction 8

During the trial, certain testimony was presented to you by the reading of a deposition and video tape. This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.


Agreed Instruction 9
Court Instruction 9

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which the party has the burden of proof is more probably true than not true.

Agreed Instruction 10
Court Instruction 12

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced.

You must make this decision based on what the officer knew at the time of the encounter, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Agreed Instruction 11

Seventh Circuit Pattern Instruction 7.09 (as modified by changing "arrest" to "encounter")

When I use the expression "loss of normal life", I mean the temporary or permanent diminished ability to enjoy life.  This includes a person's inability to pursue the pleasurable aspects of life.


Agreed Instruction 12
IPI 30.04.02

If you decide for the defendants on the question of liability, you will have no occasion to consider the question of damages.

Agreed Instruction 13
Court Instruction 17

Upon retiring to the jury room, select one of your number as your foreperson.

The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate forms, and each of you will sign the forms.

Agreed Instruction 14
Court Instruction 18

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.

But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

The eight of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Instruction 15
Court Instruction 19

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is to give the Court Security Officer a written request, signed by the foreperson, or by some other juror if the foreperson is unwilling to do so.

I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can respond orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.


Agreed Instruction 16
Court Instruction 20

Plaintiff must prove by a preponderance of the evidence that defendant Thomas McKenna was personally involved in the conduct that plaintiff complains about.  You may not hold Thomas McKenna liable for what Jason Van Dyke did or did not do.

Similarly, plaintiff must prove by a preponderance of the evidence that defendant Jason Van Dyke was personally involved in the conduct that plaintiff complains about.  You may not hold Jason Van Dyke liable for what Thomas McKenna did or did not do.


Agreed Instruction 17
Seventh Circuit Pattern Instruction 7.02 (modified)

Plaintiff makes three claims against the individual police officer defendants in this case.

First, that Defendants Thomas McKenna and/or Jason Van Dyke used excessive force against plaintiff.

Second, that Defendants Thomas McKenna and/or Jason Van Dyke committed battery against plaintiff.

Third, that Defendants Thomas McKenna and/or Jason Van Dyke illegally seized plaintiff.

Defendants deny all of these claims.


Agreed Instruction 18

In this case, plaintiff claims that the defendants committed battery against him.  To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

      1) Defendants intentionally and without legal justification, caused bodily harm to plaintiff;

      2) The foregoing conduct proximately caused injuries to plaintiff.

If plaintiff has proven each of these things by a preponderance of the evidence, then you should find in favor of plaintiff and go on to consider the question of damages.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for defendants, and you will not consider the question of damages.

Agreed Instruction 19

**720 ILCS 5/12-1**
**720 ILCS 5/12-3**

A person commits battery if he intentionally or knowingly without legal justification and by any means causes bodily harm to an individual.

Agreed Instruction 20

**720 ILCS 5/12-3**

As to the battery claim, the defendants cannot be held liable for any of the claims alleged by plaintiff unless the defendants engaged in willful and wanton conduct.


Agreed Instruction 21

**745 ILCS 10/2-202**

When I use the expression "willful and wanton conduct" I mean a course of action which shows an utter indifference to or conscious disregard for the safety of others.

Agreed Instruction 22

**Illinois Pattern Instruction  14.01**

PLAINTIFF'S INSTRUCTIONS
OBJECTED TO BY DEFENDANT

In this case, Plaintiff claims that Defendant used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant used unreasonable force against Plaintiff; and

2. Because of Defendant's unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Plaintiff's Instruction 1
Court Instruction 14
Seventh Circuit Pattern Instruction 7.08

In determining whether Defendants' use of force was reasonable, you may consider the following factors:

a) the need for the use of force;

b) the relationship between the need for the use of force and the amount of force used;

c) the extent of the Plaintiff's injuries;

d) any efforts made by the Defendants to temper or limit the amount of force;

e) the severity of the crime at issue;

f) the threat reasonably perceived by the officers; and

g) whether the Plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.


Plaintiff's Instruction 2
Committee comments to 7.09

If you decide for the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the
following elements of damage proved by the evidence to have resulted from the wrongful conduct of the Defendants:

The reasonable expense of necessary medical care, treatment, and services received

The value of earnings lost

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries

The loss of normal life experienced and reasonably certain to be experienced in the future as a result of the injuries

The emotional distress experienced and reasonably certain to be experienced in the future

Whether any of these elements of damages has been proved by the evidence is
for you to determine.  If you find in favor of the plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00)

Plaintiff's Instruction 3
Court Instruction 15 (as modified)
IPI 30.04.01
IPI 30.05
IPI 30.05.01
IPI 30.06
IPI 30.07

If you find for the plaintiff, you shall not speculate about or consider any possible sources of benefits the plaintiff may have received or might receive.  After you have returned your verdict, the court will make whatever adjustments are necessary in this regard.

Plaintiff's Instruction 4
IPI 30.22

If you find that the plaintiff is entitled to damages arising in the future because of injuries, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue.  If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiff is likely to live.

Plaintiff's Instruction 5
IPI 34.01

According to a table of mortality in evidence, the life expectancy of a person aged 39 years is 80.2 years.  This figure is not conclusive.  It is the average life expectancy of persons who have reached the age of 39.  It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Instruction 6
IPI 34.04

When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced the Plaintiff's injury.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it combines with another cause resulting in the injury.

Plaintiff's Instruction 7
IPI 15.01

In this case, plaintiff claims that the defendants detained plaintiff without probable cause and therefore deprived him of his Fourth Amendment right not to be unreasonably seized.  To succeed on this claim, plaintiff must prove that defendants detained plaintiff without probable cause.

If you plaintiff has proven this by a preponderance of the evidence, then you should find in favor of plaintiff and go on to consider the question of damages.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for defendants, and you will not consider the question of damages.


Plaintiff's Instruction 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD NANCE, | ) | |
| | ) | **No.   08 C 0044** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS McKENNA, Individually and as an | ) | JUDGE KOCORAS |
| employee of the CITY OF CHICAGO, and | ) | |
| JASON VAN DYKE, Individually and as employee | ) | |
| of CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury, find with respect to the claims of plaintiff as follows:

(Place an "X" on the appropriate line for each defendant and each count.)

**(1)**          **Excessive Force Claim**

                                    For Plaintiff          Against Plaintiff

As to:

Defendant Thomas McKenna          _____          _____

Defendant Jason Van Dyke          _____          _____


**(2)**     **Battery Claim**

As to:          For Plaintiff          Against Plaintiff

Defendant Thomas McKenna          _____          _____

Defendant Jason Van Dyke          _____          _____


**(3)**     **Illegal Seizure Claim**

As to:                         For Plaintiff            Against Plaintiff

Defendant Thomas McKenna       _____              _____

Defendant Jason Van Dyke       _____              _____


## DAMAGES

We assess the damages in the sum of $_____, itemized as follows:

The reasonable expense of necessary
past medical care, treatment,
and services received                         $_____

The value of earnings lost                    $_____

The past pain and suffering experienced       $_____

The future pain and suffering reasonably
certain to be experienced in the future       $_____

The emotional distress experienced and  reasonably
certain to be experienced in the future       $_____

The loss of normal life resulting
from the injury                               $_____


  Please sign and date this verdict form below:

_____        _____
Foreperson


_____        _____


_____        _____

_____          _____

                    Dated:          _____

Plaintiff's Instruction 9

**Court Instruction 21**

DEFENDANT'S INSTRUCTIONS
OBJECTED TO BY PLAINTIFF

**7.01 GENERAL: POLICE DEPARTMENT/MUNICIPALITY
NOT A PARTY**

Defendants are being sued as individuals.  Neither the Chicago Police Department nor the

City of Chicago is a party to this lawsuit.

**7th Cir. Pattern Instruction 7.01**

Defendants' instruction no. 1

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**7.08 FOURTH AMENDMENT/FOURTEENTH AMENDMENT:**
**EXCESSIVE FORCE - ELEMENTS**

In this case, plaintiff claims that the defendants used excessive force against him.  To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1) The defendants used unreasonable force against plaintiff; and

2) Because of the defendants' unreasonable force, plaintiff was harmed;

3) The foregoing conduct proximately caused injuries to plaintiff.

If you find plaintiff has proven each of these things by a preponderance of the evidence, then you should find in favor of plaintiff and go on to consider the question of damages.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for defendants, and you will not consider the question of damages.

**7th Cir. Pattern Instruction 7.08**

**5th Cir. Pattern Instruction 10.2**

Defendants' instruction no. 2

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**DEFINITION OF PROXIMATE CAUSE**

An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

**5th Cir. Pattern Instruction 10.2**

Defendants' instruction no. 3

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**ILLEGAL SEIZURE - ELEMENTS**

In this case, plaintiff claims that the defendants detained plaintiff without probable cause and therefore deprived him of his Fourth Amendment right not to be unreasonably seized.  To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1) Defendants detained plaintiff without probable cause; and

2) The conduct of the defendants caused harm to plaintiff.

If you plaintiff find has proven each of these things by a preponderance of the evidence, then you should find in favor of plaintiff and go on to consider the question of damages.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for defendants, and you will not consider the question of damages.

**7th Cir. Pattern Instruction 7.05 (modified)**

Defendants' instruction no. 4

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## 7.06 FOURTH AMENDMENT: ILLEGAL SEIZURE - DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means.  There is probable cause for a seizure if at the moment a seizure was made, a prudent person would have believed that plaintiff had committed or was committing a crime.  In making this decision, you should consider what the defendants knew and what reasonably trustworthy information defendants had received.

Probable cause requires more than just a suspicion.  But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendants' belief was probably right.

**7th Cir. Pattern Instruction 7.06 (modified)**

Defendants' instruction no. 5

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

The Fourth Amendment does not prohibit the police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if the offense is a minor one.

**U.S. v. Tiptoe, 3 F.3d 1119, 1122 (7th Cir. 1993)**

**U.S. v. Mitchell, 951 F.2d 1291, 1295 (D.C. Cir. 1991), cert. denied, 504 U.S. 924 (1992)**

Defendants' instruction no. 6

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

Actions of police officers are to be judged by the factual considerations of everyday life; and an assessment of the reasonableness of an officer's conduct should take into consideration the responsibility of the police to prevent crime and to apprehend criminals along with the facts that they often must act on a quick appraisal of the information before them.

**Brinegar v. United States, 338 U.S. 160, 175-76 (1949);**

**People v. Mills, 98 Ill. App. 2d 243 (1969)**

**Goldman v. Speers, 536 F. Supp. 606 (D.C. Ill. 1982)**

**Sherrod v. Berry, 856 F.2d 802 (7th Cir. 1988) (en banc)**

Defendants' instruction no. 7

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

If you find that one or more defendant is liable for damages on plaintiff's claims, you are not to consider attorney's fees for plaintiff's counsel in this action as part of plaintiff's damages. For under 42 U.S.C. Section 1988 of the Civil Rights Act, fees will be allowed to the prevailing plaintiff as part of the cost of bringing the lawsuit.

**42 U.S.C. § 1988**

Defendants' instruction no. 8

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## 7.23 COMPENSATORY DAMAGES

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of the conduct of the defendants.

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1)	The reasonable value of medical care and supplies that plaintiff reasonably needed and actually received;

2)	The wages that plaintiff has lost;

3)	The physical and mental/emotional pain and suffering that plaintiff has experienced.  No evidence of the dollar value of physical or emotional/mental pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00).

**7th Cir. Pattern Instruction 7.23**
Defendants' instruction no. 9

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD NANCE, | ) | |
| | ) | **No.   08 C 0044** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS McKENNA, Individually and as an | ) | JUDGE KOCORAS |
| employee of the CITY OF CHICAGO, and | ) | |
| JASON VAN DYKE, Individually and as employee | ) | |
| of CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' PROPOSED VERDICT FORM**</u>

We, the jury, find with respect to the claims of plaintiff as follows:

(Place an "X" on the appropriate line for each defendant and each count.)

**(1)**          <u>**Excessive Force Claim**</u>

<u>For Plaintiff</u>                    <u>Against Plaintiff</u>

<u>As to</u>:

Defendant Thomas McKenna          _____          _____

Defendant Jason Van Dyke          _____          _____


**(2)**     <u>**Battery Claim**</u>


<u>As to</u>:          <u>For Plaintiff</u>                    <u>Against Plaintiff</u>

Defendant Thomas McKenna          _____          _____

Defendant Jason Van Dyke          _____          _____



**(3)**     <u>**Illegal Seizure Claim**</u>

As to:                          For Plaintiff              Against Plaintiff

Defendant Thomas McKenna        _____               _____

Defendant Jason Van Dyke        _____               _____


## DAMAGES

Plaintiff is awarded $ _____ in compensatory damages.  (If you found against plaintiff on all of his claims, fill in the number "0.")


Please sign and date this verdict form below:

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


Dated:        _____


**Court Instruction 21**

Defendants' instruction no. 10

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**SPECIAL INTERROGATORY __**

Did Thomas McKenna willfully and wantonly and without legal justification, cause bodily harm to plaintiff?

YES     _____

NO     _____

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


Defendants instruction no. 11

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**SPECIAL INTERROGATORY __**

Did Jason Van Dyke willfully and wantonly and without legal justification, cause bodily harm to plaintiff?

YES     _____

NO     _____

_____     _____
Foreperson

_____     _____

_____     _____

_____     _____

Defendants instruction no. 12

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD NANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.  08 C 44 |
| ) | |
| CITY OF CHICAGO, a Municipal Corporation, ) | |
| THOMAS McKENNA, Individually and as employee ) | |
| of CITY OF CHICAGO and JASON VAN DYKE, ) | |
| Individually and as employee of CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' TRIAL BRIEF**

Defendants, City of Chicago by its attorney, Mara S. Georges, Corporation Counsel, and Chicago police officers Thomas McKenna and Jason Van Dyke, by their attorneys, Arlene E. Martin, Chief Assistant Corporation, and Thomas Aumann, Assistant Corporation Counsel, submit the following trial brief.

**a.**     **Nature of the case**

             This is a federal civil rights action, brought pursuant to 42 U.S.C. §1983, and state claims for assault and battery and false arrest against two Chicago police officers.  Plaintiff claims that the defendant officers used excessive force after they stopped him for a traffic violation without probable cause on July 9, 2007.  The City is sued under the theory of *respondeat-superior*.

**b.**     **Facts the defendants expect the evidence will establish**

             The defendants expect that the evidence will establish the following: On July 9, 2007, at about 11:30 p.m., while sitting in their squad in a parking lot close to the intersection of 87th Street and Martin Luther King Drive, Chicago, Illinois, for the purpose of observing traffic, the defendant officers observed the plaintiff drive past them with a front license plate that was visible.  The officers pulled out of the parking lot and drove up behind the plaintiff, momentarily activated the siren and turned on the mars lights to signal the plaintiff to pull over.  Plaintiff did not immediately pull over but continued driving for approximately one-quarter of a block.  When the officers asked the plaintiff to step out of his vehicle the plaintiff became and argumentative.  There was a passenger in the vehicle. The officers handcuffed and placed the plaintiff in their squad for their safety which they conducted an interview with the passenger. Drugs were found on the passenger, who was the plaintiff's cousin, Carlton Clark.  The passenger was arrested, the plaintiff was removed from the back of the defendants' squad and was told to go home.  The plaintiff's vehicle was impounded because of the contraband found on the plaintiff's passenger.  Two other officers assisted the defendants by driving the plaintiff's vehicle to the police station.

There was an ex parte conviction and a $75.00 fine entered against the plaintiff.  Neither officer used excessive or unnecessary force against the plaintiff.  Defendants had probable cause to detain and handcuff the plaintiff

c.      **Theories of defense**
_____Defendants deny depriving the plaintiff of any of his constitutional or sate common law rights, by using excessive or unnecessary force or stopping the plaintiff for a traffic violation and placing him in handcuffs without probable cause.   Defendants will defend under the theory that any force used was reasonable and proper, and that defendants are entitled to qualified immunity. See *Humphrey v. Staszak*, 148 F.3d 719, 725-28 (7th Cir. 1998).

d.      **Defendants' theory of damages**
_____The defendants did not cause any injury or damage to the plaintiff.

a.      **Defendants' theory for directed verdict**
       The defendants intend to move for a directed verdict on the theories described above, and on other applicable theories that may arise during trial.  The defendants note that qualified immunity issues are particularly appropriate for a decision by this Court as a matter of law.  See *Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998).  See also *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993).


                              Respectfully submitted,



                              **/s/ Arlene E. Martin**
                              **Arlene E. Martin**
                              Chief Assistant Corporation Counsel


March 31, 2009

30 North LaSalle Street - Suite 1400
Chicago, Illinois 60602
312.744.9210